STUART, Justice
(concurring specially).
The DeKalb Juvenile Court terminated the parental rights of S.C., the father, to his minor child. The Court of Civil Appeals affirmed the juvenile court’s judgment, without an opinion. S.C. v. DeKalb Cnty. Dep’t of Human Res. (No. 2140248, July 24, 2015), — So.3d - (Ala.Civ.App.2015) (table). The father petitioned this Court for certiorari review of the Court of Civil Appeals’ decision, arguing that the record did not contain clear and convincing evidence of the child’s dependency so as to support the termination of his parental rights.
“This court’s standard of appellate review of judgments terminating parental rights is well settled. A juvenile court’s factual findings, based on ore tenus evidence, in a judgment terminating parental rights are presumed to be correct and will not be disturbed unless they are plainly and palpably wrong. See F.I. v. State Dep’t of Human Res., 975 So.2d 969, 972 (Ala.Civ.App.2007). Additionally, we will reverse a juvenile court’s judgment terminating parental rights if *649 the record shows that the judgment is not supported by clear and convincing evidence. F.I., 975 So.2d at 972. ‘Clear and convincing[1] evidence has been defined as ‘ “ ‘[ejvidence that, when weighed against' evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.’ ” ’ J.A. v. Etowah County Dep’t of Human Res., 12 So.3d 1245, 1252 (Ala.Civ.App.2009) (quoting L.M. v. D.D.F., 840 So.2d 171, 179 (Ala.Civ.App.2002) (quoting in turn § 6-11-20(b)(4), Ala.Code 1975)). ‘ “Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.” ’ Southeast Envtl. Infrastructures, L.L.C. v. Rivers, 12 So.3d 32, 48 (Ala.2008)(quoting § 6-11-20(b)(4), Ala.Code 1975).
“Our juvenile courts use a two-pronged test to determine whether to terminate parental rights:
“‘A juvenile court is required to apply a two-pronged test in determining whether to terminate parental rights: (1) clear and convincing evidence must support a finding that the child is dependent; and (2) the court must properly consider and reject all viable alternatives to a termination of parental rights.’
“B.M. v. State, 895 So.2d 319, 331 (Ala.Civ.App.2004) (citing Ex parte Beasley, 564 So.2d 950, 954 (Ala.1990)).”
C.S.B. v. State Dep’t of Human Res., 26 So.3d 426, 429-30 (Ala.Civ.App.2009).
Section 12-15-319, Ala.Code 1975, provides:
“(a) If the juvenile court finds from clear and convincing evidence, competent, material, and relevant in nature, that the parents of a child are unable or unwilling to discharge their responsibilities to and for the child, or that the conduct or condition of the parents renders them unable to properly care for the child and that the conduct or condition is unlikely to change in the foreseeable future, it may terminate theparental lights of the parents. In determining whether or not the parents are unable or unwilling to discharge their' responsibilities to and for the child and to terminate the parental rights, the juvenile court shall consider the following factors including, but not limited to, the following:
[[Image here]]
“(2) Emotional illness, mental illness, or mental deficiency of the parent, or excessive use of alcohol or controlled substances, of a duration or nature as to render the parent unable to care for needs of the child.
[[Image here]]
“(7) That reasonable efforts by the Department of Human Resources or licensed public or private child care agencies leading toward the rehabilitation of the parents have failed.
[[Image here]]
“(9) Failure by the parents to provide for the material needs of the child or to pay a reasonable portion of support of the child, where the parent is able to do so.
[[Image here]]
“(12) Lack of effort by the parent to adjust his or her circumstances to meet the needs of the child in accordance with agreements reached, including agreements reached with local departments of human resources or licensed ■child-placing agencies, in an administrative review or a judicial review.”
*650 Mindful of the foregoingvprinciples and that every .parent has a prima facie right to.the’ custody of his or her child and that that right may be overcome only by clear and convincing evidence that the termination of parental rights is in the best interests of the child, see D.A. v. Calhoun Cnty. Dep’t of Human Res., 892 So.2d 963 (Ala.Civ.App.2004), I concur with the majority that a review of the facts,, as presented by the father in his petition for certiorari review, establishes that the juvenile court’s judgment terminating the father’s parental rights is supported by clear and convincing evidence.
The facts before this Court indicate that, although the father had secured stable housing for him and the child and had consistently visited with the child, who was in foster care, during the pendency of this case, the father is otherwise, currently unable to discharge his parental.duties properly and that his inability to properly care for the child will likely persist in the foreseeable future. After the child entered the care of the DeKalb County Department of Human Resources (“DHR”), the father met with a DHR worker and the following goals were set for the father to satisfy before he could be reunited with the child:
1. The father would obtain, safe and stable housing;
2; The father would obtain employment; ■
3. The father would submit to a psychological evaluation;
4. The father would remain bonded with the child through visitation;
5. The father would have transportation;
6. The father would submit to “random color-code drug and alcohol monitoring”;
7. The father would submit to a[1] substance-abuse assessment at The Bridge, a substance-abuse center; and
8.The father would complete counseling and parenting classes.
The facts, as presented by the father, indicate that at the time of the hearing the father had obtained stable housing; that the father had had periodic employment but was at that time unemployed with no pending employment opportunity; that the father had completed a psychological evaluation; that the father had fairly consistently visited with the child; that the. father had obtained transportation but that it was unreliable; that the father had not consistently submitted to drug and alcohol monitoring; that the father had not submitted to a substance-abuse assessment at The Bridge; that the father had been arrested for third-degree criminal mischief, possession of a controlled substance, and possession of drug paraphernalia since DHR had become involved with the family; and that the father had not engaged in, much less completed, counseling or parenting classes. The father did testify that he loved his child and that he wanted to be a father again, but he does not include in his statement of facts testimony indicating that he understood the needs of the child beyond the need for housing or that he understood the steps he needed to take to improve his parenting skills to be able to personally care for the child.
The facts, as presented by the father, establish that the juvenile court’s judgment to terminate his parental rights is not, as the dissent urges, the result of the father’s poverty. The judgment is based on clear and convincing evidence that, with the exception of attaining housing, the father did not work toward reunification with the child by changing his conduct and circumstances and by developing his parenting skills so that he could provide for the child.
Rule 39(a), Ala. R.App. P., provides:
*651 “Certiorari review is not a matter of right, but of judicial discretion. A petition for a writ of certiorari will be granted only when there are special and important reasons for the issuance of the writ.”
Because the facts, as presented by the father,[1] demonstrate that the juvenile court’s judgment to terminate the father’s parental rights is supported by clear' and convincing evidence, I conclude that the father has not pleaded a “special and important reason” for the issuance of the writ, and I concur with the majority’s decision to deny the father’s petition for a writ of certiorari.

. The mother is not a party to this proceeding.